IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. McKENZIE,

Plaintiff,

vs.

B. K. RUSH, et al.,

Defendants.

CV F 05 0045 AWI WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Avenal State Prison.

Plaintiff's claims in this complaint relate to a disciplinary process and a classification process. It appears that plaintiff is challenging his classification status based upon a violation of prison regulations. Specifically, plaintiff alleges that defendant Rush failed to provide plaintiff with a 72 hour notification of his annual classification hearing, and failed to allow plaintiff "to present and or review any supporting documentation in regards to what the

committee would be using as basis for the classification process." Plaintiff contends that his inmate recalculation placement score is not consistent with the institutional security level of his housing.

Plaintiff also refers to a disciplinary proceeding. Specifically, plaintiff refers to a "CDC 115 guilt finding of 9-26-04." Plaintiff alleges that there were due process violations at his disciplinary hearing as well as during the appeal process. As to his disciplinary process, plaintiff alleges that defendant Lt. Escobar refused to consider exonerating evidence. Plaintiff alleges that the guilt finding, rather than other evidence, was the basis for a decision at his Unit Classification Committee hearing on October 12, 2004. Plaintiff alleges that he was frustrated in his ability to pursue his appeal, as defendant Rush refused to provide plaintiff with the documents necessary to pursue his appeal.

In general, prisoners have no liberty interest in their classification status. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Plaintiff claims that because prison regulations were not followed, he was deprived of a constitutional protection. In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court changed the manner in which courts are to determine whether a state created liberty interest exists. Under Sandin, procedural due process does not attach unless the state subjects an inmate to restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 479. Because plaintiff has no protected interest in a particular classification status, and because a violation of a prison regulation does not, of itself, constitute a violation of the Due Process clause, this claim fails.

As to plaintiff's claim regarding his disciplinary hearing, in Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the

Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, plaintiff alleges that the hearing officer failed to consider evidence that would exonerate plaintiff. Such an allegation necessarily implies the invalidity of plaintiff's conviction. There are no allegations that plaintiff's disciplinary conviction has been reversed, expunged, or otherwise invalidated. This claim therefore fails.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: March 16, 2006** **/s/ William M. Wunderlich**
mmkd34 UNITED STATES MAGISTRATE JUDGE