IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. McKENZIE,

        Plaintiff,

  vs.

B. K. RUSH, et al.,

        Defendants.

        CV F 05 0045 AWI WMW   P
        ORDER RE MOTIONS
        (DOCUMENTS  6, 7 )

      Plaintiff is a former state prisoner proceeding pro se.  Pending before the court is Plaintiff's motion for a preliminary injunction and motion for emergency declaratory relief.

      Plaintiff's claims in this complaint relate to a disciplinary process and a classification process. It appears that plaintiff is challenging his classification status based upon a violation of prison regulations. Specifically, plaintiff alleges that defendant Rush failed to provide plaintiff with a 72 hour notification of his annual classification hearing, and failed to allow plaintiff "to present and or review any supporting documentation in regards to what the committee would be using as basis for the classification process." Plaintiff contends that his inmate recalculation placement score is not consistent with the institutional security level of his housing.

      Plaintiff also refers to a disciplinary proceeding. Specifically, plaintiff refers to a "CDC 115 guilt finding of 9-26-04." Plaintiff alleges that there were due process violations at his

1

disciplinary hearing as well as during the appeal process.  As to his disciplinary process, plaintiff alleges that defendant Lt. Escobar refused to consider exonerating evidence. Plaintiff alleges that the guilt finding, rather than other evidence, was the basis for a decision at his Unit Classification Committee hearing on October 12, 2004. Plaintiff alleges that he was frustrated in his ability to pursue his appeal, as defendant Rush refused to provide plaintiff with the documents necessary to pursue his appeal.

In his motion for injunctive relief, plaintiff requests an order "directing the Avenal State Prison Administration to address and resolve the issues that are causing undue hardships to plaintiff and family."   In his emergency request for declaratory relief, plaintiff seeks an "appropriate and expedient judgment."

Subsequent to plaintiff's motions, the court entered an order dismissing the complaint for failure to state a claim, and granting plaintiff leave to file an amended complaint.   The amended complaint is due April 20, 2006.   On March 20, 2006, plaintiff filed a notice of change of address, indicating his release from prison.

The complaint was dismissed for failure to state a claim upon which relief could be granted.  Specifically, plaintiff had not alleged any facts indicating that named defendant deprived plaintiff of a protectible interest.  Plaintiff has not stated a claim as to any of the defendants, and no defendant has been served or filed a response.  The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court.  Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunctive relief and emergency declaratory relief are denied.

IT IS SO ORDERED.

**Dated:   March 31, 2006**                    /s/ Anthony W. Ishii
0m8i78                                               UNITED STATES DISTRICT JUDGE

2